UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R. THERESA CLEVELAND,

    Plaintiff,

Case No. 09-11691

v.

Honorable Patrick J. Duggan

KARYN JEFFERSON and QUEST
DIAGNOSTICS,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 4, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On May 4, 2009, R. Theresa Cleveland ("Plaintiff"), appearing *pro se*, filed the present lawsuit against Karyn Jefferson ("Jefferson") and Quest Diagnostics ("Quest") alleging employment discrimination on the basis of age and race. On June 11, 2009, Jefferson filed a Motion for Summary Judgment. Plaintiff has not responded to the motion. On July 17, 2009, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, Jefferson's motion is granted.

**I. Background**

In her complaint, Plaintiff alleges that Quest, her former employer, discriminated against her on the basis of age and race. Although the complaint identifies several individuals at Quest allegedly responsible for the discriminatory conduct, Defendant Jefferson is neither named nor identified anywhere therein. In her present Motion for Summary Judgment, Jefferson surmises that Plaintiff mistakenly named her as a defendant.

According to her motion and attached affidavit, Jefferson is an attorney who represented Quest in the Michigan Department of Civil Rights and Equal Employment Opportunity Commission matters instituted by Plaintiff before the present lawsuit. Other than her representation of Quest in those matters, Jefferson has no involvement in the present suit. Jefferson is not now and has never been an employee of Quest, was not involved in Quest's decision to terminate Plaintiff, had no impact on the terms or conditions of Plaintiff's employment, and has never met Plaintiff. Therefore, Jefferson maintains that she cannot be held liable for any alleged discrimination by Quest or its employees.

**II. Standard of Review**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). The movant has an initial burden of showing "the absence

of a genuine issue of material fact." *Id.* at 323.  Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).  To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient.  *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

### III. Analysis

By failing to respond to Jefferson's motion, Plaintiff has failed to establish a genuine issue of fact in regard to Jefferson's involvement in the alleged discriminatory conduct giving rise to this case.  Furthermore, Plaintiff has failed to identify any legal theory that would allow her to hold Jefferson, an individual, personally liable for the alleged employment discrimination by Quest.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400 (6th Cir. 1997) (discussing limitations on personal liability in employment discrimination cases).  Therefore, Jefferson is entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that Defendant Jefferson's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jefferson is dismissed from the complaint.

             s/PATRICK J. DUGGAN
             UNITED STATES DISTRICT JUDGE

Copies to:
R. Theresa Cleveland
15300 Spring Garden
Detroit, Michigan 48205

George Mesritz, Esq.